**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**CARRIE M. MARTIN,**

Plaintiff,

**vs.** **CASE NO. _________________________**

**DEBSKI & ASSOCIATES, P.A.,**

Defendant.
____________________________________/

**COMPLAINT**
**JURY DEMAND**

## INTRODUCTION

1. Plaintiff alleges that Defendant repeatedly made false and deceptive representations in regards to the status and amount of the alleged debt in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq*. ("FCCPA").

## JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, 1337, 1367 and 15 U.S.C. § 1692k. Venue in this District is proper because Plaintiff resides here and Defendant mailed letters into this District.

## PARTIES

3. Plaintiff, Carrie M. Martin ("Ms. Martin") is a natural person and a citizen of the State of Florida, residing in Pasco County in the Middle District of Florida.

4. Defendant, Debski & Associates, P.A. ("Debski") is a Florida professional association with its principal place of business and corporate offices in Jacksonville, Florida. Debski is a law firm engaged in the collection of consumer debts. Debski regularly files lawsuits against consumers in every county in Florida, including those located in the Middle District of Florida, as part of its debt collection activities.

5. Debski regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

6. Debski regularly collects or attempts to collect debts for other parties.

7. Debski is a "debt collector" as that term is defined in the FDCPA and FCCPA.

8. Debski was acting as a debt collector with respect to the collection of Ms. Martin's alleged debt.

**FACTUAL ALLEGATIONS**

9. Debski sought to collect from Ms. Martin an alleged debt arising from transactions incurred for personal, family, or household purposes.

10. Specifically, Debski sought to collect from Ms. Martin a consumer credit card debt allegedly owed to Capital One Bank (USA), N.A. ("Capital One").

11. On or about March 16, 2015, on behalf of Capital One, Debski filed a lawsuit against Ms. Martin in Pasco County, Florida entitled, Capital One Bank (USA), N.A. v. Carrie M. Martin, Case No. 51-2015-CC-000846-CC (hereinafter referred to as "the state court action").

12. On or about April 24, 2015, Debski made an offer to settle the case with Ms. Martin, including a demand that the offer must be accepted "within seven (7) days." A copy of the April 24, 2015 letter is attached hereto as Exhibit A.

13. On April 27, 2015, well before the expiration of the time allowed by Debski's letter communicating the settlement offer, Ms. Martin executed the Stipulation for Payments and faxed it to Debski. Copies of the signed Stipulation for Payments and fax confirmation report are attached as Exhibit B.

14. On or about May 1, 2015, ten days before the first payment was due under the stipulation, Ms. Martin made her first payment to Debski. The check included Ms. Martin's File Number, NI500127. A copy of the first payment is attached as Exhibit C. (The check has been redacted to comply with Fed. R. Civ. P. 5.2 "Privacy Protection for Filings Made with the Court".)

15. On or about May 5, 2015, Debski endorsed and deposited the check. See Exhibit C.

16. Thereafter, Ms. Martin made timely monthly payments in the amount of $291.95 in accordance with the Stipulation for Payments. She was never late, not even once. Proof of these payments is attached as Exhibit D.

17. On October 7, 2015, Debski sent Ms. Martin the collection letter attached hereto as Exhibit E.

18. Exhibit E acknowledges receipt of a recent payment.

19. However, despite having received the signed Stipulation for Payments on April 27, 2015, Exhibit E further states in relevant part: "Our office does not show that

you have a payment agreement, please contact our office at 1-800-733-0717 to discuss setting up a payment arrangement."

20. Despite having received the signed Stipulation for Payments on April 27, 2015 and eight timely payments under the agreement, on December 11, 2015, Debski filed a Motion for Final Judgment against a Ms. Martin in the state court action. A copy of the state court Motion for Final Judgment is attached hereto as Exhibit F.

21. Debski filed the state court Motion for Final Judgment with no notice to Ms. Martin.

22. In the state court Motion for Final Judgment, despite having received the signed Stipulation for Payments on April 27, 2016, Debski represented to the state court that Ms. Martin had defaulted in the state court action by not serving any paper on Debski.

23. In seeking the Motion for Final Judgment, Debski did not notify the state court of the Stipulation for Payments nor did Debski notify the state court of the May, November, or December payments. See Debski's Notice of Receipt of Payments attached hereto Exhibit G.

24. Debski's misrepresentations to the state court ultimately led to a Default Final Judgment being entered against Ms. Martin on December 18, 2015. A copy of the Default Final Judgment is attached hereto as Exhibit H.

25. On January 11, 2016, Debski sent Plaintiff the collection letter attached hereto as Exhibit I.

26. Exhibit I acknowledges receipt of a recent payment.

27. However, despite having received the Stipulation for Payments on April 27, 2015, Exhibit I again states there is no payment agreement on the account.

28. Exhibit I also falsely represents that Ms. Martin owed $8,466.37 when in fact her balance at that time was only $7,882.52.

29. Because Debski had knowingly accepted and deposited each of Ms. Martin's payments into its bank account Debski knew that Ms. Martin only owed $7,882.52 as of January 11, 2016.

30. Upon receiving notice of the Default Final Judgment entered in the state court action, Ms. Martin had no choice but to hire an attorney to have the judgment set aside.

31. On May 3, 2016, upon motion by Ms. Martin's attorney, the Default Final Judgment in the state court action was set aside in an order by the state court that found:

> Defendant entered into a binding Stipulation of Settlement with Plaintiff, made all of her payments according to the Stipulation of Settlement on time, and that Plaintiff and its counsel knowingly accepted and deposited these payments into counsel's bank account. Notwithstanding the payments made by Defendant according to the Stipulation for Settlement, Plaintiff's counsel filed a Motion for Default, and sought and received a Default Judgment against the Defendant which should be vacated and set aside.

A copy of the state court Order Setting Aside Default Final Judgment is attached hereto as Exhibit J.

32. Defendant's actions were willful.

**COUNT I**
**HARASSMENT AND ABUSE**
**IN VIOLATION OF THE FDCPA, 15 U.S.C. § 1692d**

33. Plaintiff incorporates Paragraphs 1 through 32 above as if fully set forth herein.

34. Defendant engaged in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt in violation of 15 U.S.C. § 1692d.

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

a. Damages;

b. Attorney's fees, litigation expenses and costs of suit; and

c. Such other or further relief as the Court deems proper

**COUNT II**
**FALSE REPRESENTATION OF DEBT**
**IN VIOLATION OF THE FDCPA, 15 U.S.C. § 1692e(2)(A)**

35. Plaintiff incorporates Paragraphs 1 through 32 above as if fully set forth herein.

36. Defendant falsely represented the character, amount, or legal status of the alleged debt in violation of 15 U.S.C. § 1692e(2)(A).

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

a. Damages;

b. Attorney's fees, litigation expenses and costs of suit; and

c. Such other or further relief as the Court deems proper.

**COUNT III**
**COMMUNICATING FALSE INFORMATION**

**IN VIOLATION OF THE FDCPA, 15 U.S.C. § 1692e(8)**

37. Plaintiff incorporates Paragraphs 1 through 32 above as if fully set forth herein.

38. Defendant communicated credit information which should be known to be false in violation of 15 U.S.C. §1692e(8).

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

a. Damages;

b. Attorney's fees, litigation expenses and costs of suit; and

c. Such other or further relief as the Court deems proper.

**COUNT IV**
**FALSE REPRESENTATIONS OR DECEPTIVE MEANS**
**IN VIOLATION OF THE FDCPA, 15 U.S.C. § 1692e(10)**

39. Plaintiff incorporates Paragraphs 1 through 32 above as if fully set forth herein.

40. Defendant used false representations or deceptive means to collect or attempt to collect any debt in violation of 15 U.S.C. § 1692e(10).

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

a. Damages;

b. Attorney's fees, litigation expenses and costs of suit; and

c. Such other or further relief as the Court deems proper.

**COUNT V**
**UNFAIR PRACTICES**

**IN VIOLATION OF 15 U.S.C. § 1692f**

41. Plaintiff incorporates Paragraphs 1 through 32 above as if fully set forth herein.

42. Defendant used unfair or unconscionable means to collect or attempt to collect the alleged debt in violation of 15 U.S.C. § 1692f.

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

a. Damages;

b. Attorney's fees, litigation expenses and costs of suit; and

c. Such other or further relief as the Court deems proper.

**<u>COUNT VI</u>**
**HARASSMENT AND ABUSE**
**IN VIOLATION OF THE FCCPA, FLA. STAT. § 559.72(7)**

43. Plaintiff incorporates Paragraphs 1 through 19, 25 through 29, and 32 above as if fully set forth herein.

44. Defendant willfully engaged in conduct which can reasonably be expected to abuse or harass the debtor in violation of Fla. Stat. § 559.72(7).

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

a. Damages;

b. Attorney's fees, litigation expenses and costs of suit; and

c. Such other or further relief as the Court deems proper.

**<u>COUNT VII</u>**
**ENFORCING ILLEGITIMATE DEBT**

**IN VIOLATION OF THE FCCPA, FLA. STAT. § 559.72(9)**

45. Plaintiff incorporates Paragraphs 1 through 19, 25 through 29, and 32 above as if fully set forth herein.

46. Defendant attempted to enforce a debt Defendant knew was not legitimate in violation of Fla. Stat. § 559.72(9).

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

a. Damages;

b. Attorney's fees, litigation expenses and costs of suit; and

c. Such other or further relief as the Court deems proper.

**JURY DEMAND**

Plaintiff demands trial by jury.

/s/ James S. Giardina
[ X] James S. Giardina – Trial Counsel
Fla. Bar No. 0942421
[ ] Kimberly H. Wochholz
Fla. Bar No. 0092159
[ ] James S. Carr
Fla. Bar No. 15063
**The Consumer Rights Law Group, PLLC**
3104 W. Waters Avenue, Suite 200
Tampa, Florida 33614-2877
Tel: (813) 435-5055 ext 101
Fax: (866) 535-7199
James@ConsumerRightsLawGroup.com
Kim@ConsumerRightsLawGroup.com
***Counsel for Plaintiff***